CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 04 2011

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE JOHNSON, ) | |
| ) | Case No. 7:09-cv-00165 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| TERRY O'BRIEN, *et al.* ) | By:  James C. Turk |
| ) | Senior United States District Judge |
| ) | |
| Defendants. ) | |

Trial in this matter is set for November 17 and 18, 2011, in the Big Stone Gap Division. Before the Court are Plaintiff Lawrence Johnson's "Request for Entry on Land" (ECF No. 186), Plaintiff's Request for Permission to Wear Proper Attire at Trial (ECF No. 187), Plaintiff's Motion for Attendance at Deposition (ECF No. 190), Plaintiff's Motion for Reconsideration as to the Court's earlier grant of the Defendants' Motion *in Limine* (ECF No. 192), and Plaintiff's Motion for Sanctions (ECF No. 199).  Plaintiff's Request for Permission to Wear Proper Attire at Trial (ECF No. 187) is **GRANTED**.  Plaintiff's Motion for Reconsideration (ECF No. 192) is **GRANTED** in part and **DENIED** in part.  Plaintiff's other motions are **DENIED**.

I.   Plaintiff's "Request for Entry on Land"

Plaintiff asks the Court to allow the jury to visit the scene of the allegations, that is, U.S. Penitentiary Lee.  This would be an extraordinary step in a federal civil case, and not one that the Court is inclined to take lightly.  In the present case, security and logistical concerns counsel against this course of action.  Plaintiff is a high security inmate.  Trial is set for only two days. The courthouse in Big Stone Gap is more than 20 miles from U.S. Penitentiary Lee.

Transporting seven jurors, court staff, the plaintiff, his security detail, and defendants and their attorneys to the prison would not be an easy task. The Court is not convinced that this case is so exceptional as to warrant such a tremendous expenditure of public resources. Thus, this motion is **DENIED**. The Plaintiff may prove his case to the jury through the use of testamentary and documentary evidence.

## II.   Plaintiff's Request to Wear Proper Attire at Trial

Plaintiff moves the Court to allow him to appear at trial in civilian clothing. This motion is **GRANTED**. Subject to the security restrictions imposed by the U.S. Marshals Service, the Plaintiff will be allowed to wear one (1) set of civilian clothes during trial. However, Plaintiff appears to believe it would be best for his family to send the clothing to his current place of incarceration. After consultation with the U.S. Marshals Service, the Court has determined it would be most efficient for the Plaintiff's family to send the clothing directly to the U.S. Marshals Service at the following address:[1]

> United States Marshals Service
> Attn: Tom Slemp, Supervisory Deputy U.S. Marshal
> 129 U.S. Post Office
> Main Street
> Abingdon, VA 24210

## III.   Plaintiff's Motion for Attendance at Deposition

Plaintiff asks the Court to reconsider its prior order allowing him to be present telephonically during the deposition of his wife, Alison Johnson. *See* Order, Oct. 24, 2011, ECF No. 179. The Plaintiff has no absolute right to be present at his wife's deposition. He is incarcerated, and his right to personally plead his civil case must necessarily be balanced with

---

[1] Plaintiff should have the person who is sending him the clothing label the package with Plaintiff's name and case number. Additionally, if Plaintiff wishes to have the clothing returned after trial, the sender should include a return mailing label, postage prepaid. Failing to include a prepaid return label may lead to the destruction of the clothes after trial.

legitimate penological concerns. Price v. Johnston, 334 U.S. 266, 285–86 (1948). The Court, having considered a number of factors, including the cost and security concerns associated with transporting the Plaintiff and the necessity of his presence at the deposition, has found that Plaintiff's attendance by telephone reasonably balances the Plaintiff's interests with those of his custodians. *See* In re Collins, 73 F.3d 614, 615 (6th Cir. 1995) (per curiam) (outlining a number of relevant factors to be considered by district courts in determining whether to permit an inmate to attend pretrial depositions). The Court sees no reason to alter its previous ruling. Thus, Plaintiff's motion to attend the deposition is **DENIED**.

### IV.     Plaintiff's Motion for Reconsideration

On October 27, 2011, the Court granted Defendant's Motion *in Limine* to exclude evidence relating to claims that have been dismissed from this case. The Plaintiff now moves for reconsideration of the Court's Order, arguing that he plans to introduce evidence relating to his previously dismissed claims to show proof of defendant Taylor's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Upon reconsideration, the Court finds that its previous Order may have been overly broad. The Plaintiff may not introduce evidence for the purpose of showing that his previously dismissed claims are true. Those claims have been dismissed from this suit and are thus not relevant to the matters to be decided at trial. However, the Plaintiff may introduce evidence as to the nature of his relationship with the Defendants in order to show the Defendants' state of mind during the incident in question. As part of this evidence, he may testify as to the fact that he has previously filed a number of complaints against one or more of the Defendants. He may also testify as to the disciplinary complaints that the Defendants have previously made against him, and to the fact that he disputes those allegations. But the Court will not allow the Plaintiff to use this trial as a

vehicle to continue the prosecution of his previously dismissed claims, and intends to exclude evidence at the time of trial if it finds that it is irrelevant or overly prejudicial. The Plaintiff's motion is thus **GRANTED** in part and **DENIED** in part.

V.     **Plaintiff's Motion for Sanctions**

Plaintiff also moves for discovery sanctions against the Defendants, claiming they have "willfully disobeyed" the Court's October 26 Order compelling discovery as well as the Court's scheduling Order regarding discovery. Defendants respond by arguing they have fully complied with the Court's orders, providing the Plaintiff with more than 1,000 pages of discovery. The Court construes Plaintiff's Motion as one under Rule 37 of the Federal Rules of Civil Procedure. Resolving Plaintiff's motion is a two step inquiry. First, the Court must determine whether the Defendants violated its orders. Only if it answers that question in the affirmative need it move on to a determination of whether sanctions are warranted or appropriate. Here, the Plaintiff's motion is supported by nothing more than conclusory statements. The Court finds no evidence that the Defendants violated its orders. Thus, the Plaintiff's motion is **DENIED.**

VI.     **Conclusion**

For the aforementioned reasons, Plaintiff's "Request for Entry on Land" (ECF No. 186) is **DENIED**. Plaintiff's Request for Permission to Wear Proper Attire at Trial (ECF No. 187) is **GRANTED**. Plaintiff's "Motion for Attendance at Deposition" (ECF No. 190) is **DENIED**. Plaintiff's Motion for Reconsideration (ECF No. 192) is **GRANTED** in part and **DENIED** in part. Plaintiff's Motion for Sanctions (ECF No. 199) is **DENIED**.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff, counsel for the Defendants, and the United States Marshal for the Western District of Virginia.

**IT IS SO ORDERED.**

                              **ENTER**: This 4th day of November, 2011.

                              */s/ James C. Turk*
                              Senior United States District Judge