CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE JOHNSON, | ) |
| | ) Case No. 7:09-cv-165 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| TERRY O'BRIEN, *et al.* | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

A jury trial was held in this matter on November 17 and 18, 2011 in the Big Stone Gap division. The issues having been tried, the jury returned verdicts in favor of Defendants William Welch and Defendant Timothy Taylor. After the jury returned its verdicts, Plaintiff Johnson renewed his earlier motion for Judgment as a Matter of Law (ECF No. 231). The Court dismissed this as premature and indicated to the parties that they had 15 days to file any post-trial motions in writing. Plaintiff subsequently filed a motion to extend time, which the Court granted. The matter is now before the Court on Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative for a New Trial (ECF No. 250). For the reasons stated below, the Plaintiff's motion is **DENIED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lawrence Johnson is an inmate in the custody of the Federal Bureau of Prisons. He brought a Bivens action in May 2009 against a number of employees of United States Penitentiary Lee ("USP Lee"). The Court ultimately dismissed the claims against most defendants. The excessive force claims against two defendants, Correctional Officer Timothy

1

Taylor and Correctional Officer William Welch, survived and were set for trial. The crux of those claims was the following, taken from the Court's earlier Opinion on the Defendants' Motion to Dismiss:

> On September 27, 2007, while Johnson was in the non-contact visitation booth with his wife, Officer Taylor opened the door and watched them for about 30 seconds before declaring that their visit was terminated. Johnson alleges he walked to the toilet to urinate, and Taylor grabbed him behind his neck and shoulder, ramming is head twice against the concrete wall. Taylor and Officer Welch then began striking Johnson in the back and ribs "with what felt like closed fists." Taylor then allegedly placed cuffs on Johnson's writs so tightly that his right hand began to swell and he could not feel his fingers.

Mem. Op., Jan. 3, 2011, ECF No. 61, at 3. Trial was held in the Big Stone Gap division on November 17 and 18, 2011. The Plaintiff was permitted to call three federal inmates as witnesses, who testified via audio and/or video conference. As part of his case-in-chief, Plaintiff also called the Defendants, as well as Defendants' witness Lieutenant Bryan Laster, as hostile witnesses. At the close of the Plaintiff's case, the Defendants moved for Judgment as a Matter of Law, which was denied. After the Defendants put on their case-in-chief, the Plaintiff put on a rebuttal case. The Plaintiff and Defendants then made cross-motions for Judgment as a Matter of Law, which were both denied by the Court. After closing arguments, the Court charged the jury and it entered deliberations. Less than 20 minutes later, the jury returned unanimous verdicts in favor of Defendant Taylor and Defendant Welch.

## II. STANDARDS OF REVIEW

The Court may grant judgment as a matter of law where it "finds that a reasonable jury would not have a legally sufficient basis" to find for the non-moving party. Fed. R. Civ. P. 50(a)(1). In order to grant a renewed Motion for Judgment as a Matter of Law after trial, the Court must find, "without weighing the evidence or considering the credibility of the witnesses,

2

that substantial evidence does not support the jury's findings." S. Atl. Ltd. P'ship of Tenn. L.P. v. Riese, 284 F.3d 518, 532 (4th Cir. 2002). Moreover, "[i]f the defendant in a run-of-the-mill civil case moves for [judgment as a matter of law] based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The standard is different on a motion for a new trial, which is governed by Rule 59. The Fourth Circuit has held that the Court *must* grant a new trial if it feels that "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Cline, 144 F.3d at 301 (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)).

### III. DISCUSSION

Plaintiff's Motion makes the following contentions as to why he is entitled to judgment as a matter of law. The Defendants admitted to using force against him; the force was unnecessary. Plaintiff also raises questions as to the veracity of the Defendants' testimony as well as that of Officer Wade O'Quinn. Plaintiff additionally claims that the jury's verdict was against the weight of the evidence. Finally, Plaintiff argues that he is entitled to a new trial because the Court improperly excluded testimony by Demetrius Hill. The Court addresses each of these contentions separately.

**A. Motion for Judgment as a Matter of Law**

3

Plaintiff is correct that the Defendants admitted to using force against him at trial. However, the overarching factual inquiry at trial was not whether the Defendants used force against the Plaintiff; rather, it was whether they used *excessive force* against him and acted maliciously or sadistically to cause harm. Contrary to Plaintiff's assertion that no reasonable finder of fact could find against him, the Court finds that there was substantial evidence presented to support the jury's verdict that in favor of the Defendants. In sum and substance, Plaintiff testified that he was assaulted by the Defendants for no reason while he was attempting to use the restroom. The Defendants testified, in sum and substance, that the Plaintiff disobeyed an order and they used only the amount of force necessary to restore order and discipline within the institution. The Defendants' version of events was corroborated by the testimony of Correctional Officer Wade O'Quinn, who was present for part of the events that unfolded. Nurse Amanda Rutherford testified as to the Plaintiff's lack of injury from the incident. Lieutentant Bryan Laster testified that he conducted an internal investigation into the incident and found no misconduct by the Defendants. Finally, David Wilson testified as to the protocol to be followed by correctional officers at USP Lee. To the extent that the Plaintiff challenges the veracity of the witnesses statements, that is not within the province of the Court to decide. Judgments of credibility are within the power of the finder of fact. In this case, it appears that the jurors believed the Defendants' version of events and disbelieved the Plaintiff's version of events. Or, more precisely, they found that the Plaintiff had not presented enough evidence to prove his case by a preponderance of the evidence. On these facts, and having observed the trial, the Court cannot find that the jury's verdict was inconsistent with that of a reasonable finder-of-fact. The Plaintiff's Motion for a Judgment as a Matter of Law must therefore be denied.

## B. Motion for New Trial

### 1. Weight of the Evidence

As stated above, the Court will order a new trial if it feels the verdict is against the weight of the evidence. It is clear that this is not the case here. The trial presented a classic "he said-they said" story: if the jury had believed Johnson, and disbelieved the officers, it likely would have returned verdicts in Johnson's favor. It appears that the jurors believed the Defendants; the Court will not disturb this decision. The Defendants provided substantial evidence in favor of their position, and the verdicts were not against the clear weight of the evidence.

### 2. Hill Testimony

Johnson now objects to the Court's exclusion of Demetrius Hill's testimony. Mr. Hill was not present during the use of force in question, and in fact was not at USP Lee at the same time as the Plaintiff. Hill was another *pro se* Plaintiff who had filed suit against Defendant Taylor and another correctional officer. A jury found in favor of Defendant Taylor. Plaintiff proffered that Hill was going to testify as to the details of his own assault by Defendant Taylor. The Court excluded Hill's testimony at trial, reasoning that it was irrelevant to the events at hand.

Johnson argues that he is entitled to a new trial because the Court improperly excluded Hill's testimony. Johnson appears to argue that Hill's testimony would show (1) Taylor used force against Hill; (2) Taylor told Hill that he assaulted Johnson and made Johnson "look like a unicorn." Hill's testimony as to whether Taylor assaulted him was irrelevant to whether Taylor assaulted Johnson. *See* Fed. R. Evid. 401–02 (limiting relevant evidence to that which "is of consequence to the determination of the action" and declaring irrelevant evidence to be

5

inadmissible).[1] Hill was not present at the time of the alleged assault against Johnson, nor was he even in the same institution. Moreover, setting aside the fact that another jury has previously found Taylor not to be liable on Hill's claims,[2] evidence of prior bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Johnson argues that the fact that Taylor bragged about assaulting him was evidence of Taylor's state of mind, and thereby falls within an exception to Rule 404(b). However, he never made this specific objection at trial. Moreover, at trial, Johnson sought to introduce Hill's testimony for exactly the purposes banned by 404(b). Johnson sought to introduce Hill's testimony to show that Taylor was the type of person who assaulted prisoners for no good reason. This argument is without merit.

On the other hand, Hill's testimony as to Taylor telling him that he assaulted Johnson while Johnson was in handcuffs would clearly have been relevant. Johnson may argue that the Court may have erred in disallowing Hill's testimony on this point because he was seeking to introduce the admission of a party opponent, which is an exemption to the hearsay rule. Fed. R. Evid. 801(d)(2). While "the district court is fully empowered to reverse its evidentiary rulings post-trial and to reconsider that evidence's effect on the trial," Conner v. Schrader-Bridgeport Int'l., Inc., 227 F.3d 179 (4th Cir. 2000), the Court need not reconsider its decision here because even if it did err in disallowing Mr. Hill's testimony, the exclusion was harmless.

"Unless justice requires otherwise, no error in admitting or excluding evidence" constitutes grounds for granting a new trial or setting aside a jury verdict. Fed. R. Civ. P. 61.

---

[1] The Rules of Evidence were recently amended effective December 1, 2011, but the changes appear to be largely semantic. Nonetheless, since the trial in this matter was held prior to the amendments, the Court bases its analysis on the pre-amendment rules.

[2] *See* Jury Verdict in Favor of Def. Timothy Taylor, ECF No. 165, Hill v. O'Brien, No. 08-cv-283 (W.D. Va.).

Here, looking at all the circumstances surrounding this case, it is clear the exclusion of Hill's testimony as to Taylor's admission that he assaulted Johnson while Johnson was in handcuffs did not affect Johnson's substantial rights. The evidence would have been cumulative—Johnson had already testified to the same effect. *See* Varga v. Rockwell Int'l Corp., 242 F.3d 693, 701–02 (6th Cir. 2001) ("[A] plaintiff must prove that the evidence it was precluded from offering was more than cumulative . . . ."); Henderson v. U.S. Fidelity & Guaranty Co., 695 F.2d 109, 112 (5th Cir. 1983) (exclusion of cumulative evidence does not require reversal). Moreover, Hill was a convicted felon who had previously brought suit against Taylor—he had a strong incentive to lie, and this surely would have been brought out on cross-examination had he been allowed to testify.[3] Taking into account all the circumstances surrounding this case, the Court cannot conclude that any error in not allowing Hill to testify affected Johnson's substantial rights. Rather, any error was harmless.

### 3. Summary

The verdict in this case is not against the clear weight of the evidence. Moreover, there is nothing to indicate that the verdict is based upon false evidence or will result in a miscarriage of justice. Accordingly, the Plaintiff's Motion for a New Trial must also be denied.

---

[3] The perceived credibility of any particular witness does not bear on whether the Court finds his testimony admissible or inadmissible. Credibility determinations are reserved for the jury. However, for the purposes of determining whether a party suffered substantial prejudice, the Court has a duty to examine "the proceedings in their entirety." Kotteakos v. United States, 328 U.S. 750, 762 (1946). *See also* Peterson v. Calmar S.S. Corp., 296 F.Supp. 8, 11 (E.D. Pa. 1969) ("For the most part . . . the harm which has resulted from any particular error can be assessed properly only by an examination of the facts of the individual case").

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial (ECF No. 250) is **DENIED.** An appropriate Order shall this day issue.

ENTER: This 12th day of January, 2012.

Senior United States District Judge